UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES EDWARD CLARK,

                Petitioner,

    -against-

W.S. PLILER, FCI-OTISVILLE,

                Respondent.

22-CV-3193 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at the Federal Correctional Institution in Otisville, New York, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the legality of his conviction and sentence entered in *United States v. Clark*, No. 2:08-CR-508-1-RK (E.D. Pa. Nov. 6, 2009), *aff'd*, 419 F. App'x 248 (3d Cir.2011), *cert. denied*, 132 S. Ct. 426 (2011). For the reasons set forth below, the Court recharacterizes the petition as a motion to vacate, set aside, or correct a federal sentence, brought under 28 U.S.C. § 2255, and transfers this action to the United States Court of Appeals for the Third Circuit.

## BACKGROUND

In 2009, following a jury trial, Petitioner was convicted, in the United States District Court for the Eastern District of Pennsylvania, of attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 846, and possession of a listed chemical with intent to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(1). *See Clark*, No. 2:08-CR-508-01, ECF 64. During the sentencing hearing, the court addressed Petitioner's prior kidnapping and burglary convictions, and found that he qualified as a career offender under the United States Sentencing Guidelines (U.S.S.G.) § 4B1.1. *Id.*, ECF 75 at 15. The court sentenced Petitioner to 360 months' imprisonment on count one, and 240 months on count two, to be served concurrently. *Id.*, ECF 64. On appeal, the United States Court of Appeals for the Third Circuit affirmed Petitioner's

conviction and sentence, and the Supreme Court of the United States denied his petition for a writ of *certiorari*. *Clark*, 419 F. App'x 248, *cert. denied*, 132 S. Ct. 426.

Petitioner then challenged his conviction and sentence by filing a motion under Section 2255. The Eastern District of Pennsylvania denied that motion on the merits, and the Third Circuit affirmed the denial. *United States v. Clark*, 2015 WL 765984 (E.D. Pa. Feb. 24, 2015), *aff'd*, 652 F. App'x. 103 (3d Cir. 2016).

In 2016, Petitioner sought leave to file a second or successive Section 2255 motion, which the Third Circuit denied. *See In re James Edward Clark*, No. 16-2836 (3rd Cir. May 23, 2017). Petitioner then filed a second Section 2255 motion in the Eastern District of Pennsylvania, which that court transferred to the Third Circuit. *See Clark*, No. 2:08-CR-508-01, ECF 140 (E.D. Pa. Jan. 30, 2020). The Third Circuit denied Petitioner leave to file a second or successive Section 2255 motion, and the Supreme Court denied his petition for a writ of *certiorari*. *See In re James Edward Clark*, No. 20-1161 (3d Cir. Apr. 23, 2020). In 2021, Petitioner filed a third application in the Third Circuit for leave to file a second or successive Section 2255 motion, which was again denied. *See In re James Edward Clark*, No. 21-2198 (3d Cir. Aug. 27, 2021).

In 2016, while Petitioner was incarcerated in a federal prison in West Virginia, he filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 in the United States District Court for the Northern District of West Virginia. In that petition, Petitioner challenged the validity of his federal sentence, requested resentencing without the career offender designation that had enhanced his sentence, and contended that Section 2255 was inadequate or ineffective to test the legality of his detention. The Northern District of West Virginia, however, denied the petition, holding that Petitioner's claims could not be considered under Section 2241, and that the court

lacked jurisdiction to consider the petition. *Clark v. Wilson*, No. 5:16-CV-0179, 2018 WL 4481874, at *5 (N.D.W.Va. Sept. 19, 2018) (adopting report and recommendation).

In 2021, while Petitioner was incarcerated in a federal prison in California, he filed another Section 2241 petition in the United States District Court for the Central District of California. In that petition, he contended that he is actually innocent of the career-offender designation, and that Section 2255 was unavailable to challenge his sentence. The Central District of California found that, because Petitioner could not state a claim of actual innocence, he could not proceed under Section 2241, and that the court therefore lacked jurisdiction to consider the petition. *See Clark v. Jusino*, No. 2:21-CV-2485, 2021 WL 4564805, at *4 (C.D. Ca. Aug. 16, 2021).

Here, Petitioner seeks relief under Section 2241 for the third time, again asserting that Section 2255 is inadequate or ineffective to challenge his detention. Petitioner's primary contention is that the Third Circuit's decision in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc),[1] renders him incapable of being designated a career offender under U.S.S.G § 4B1.1. He argues that, after *Nasir*, the "attempt crime" of which he was convicted is an inchoate crime that is not a "controlled substance offense," and therefore, he cannot be considered a career offender as provided under U.S.S.G. §  4B1.1(a)(2). (ECF 1, at 15, 23-33.)

---

[1] In *Nasir*, the Third Circuit held that inchoate crimes do not qualify as "controlled substance offenses" as defined in U.S.S.G. § 4B1.2(b). *Nasir*, 982 F.3d at 160. In 2020, however, the Supreme Court vacated the judgment in *Nasir*, and remanded that matter to the Third Circuit so that it could consider *Greer v. United States*, 141 S. Ct. 2090 (2021), with respect to issues unrelated to the career offender enhancement. *United States v. Nasir*, 142 S. Ct. 56 (2021). On remand, the Third Circuit's analysis of the career-offender enhancement arguments remained the same. *Compare United States v. Nasir*, 17 F.4th 459, 468-72 (3d Cir. 2021), *with Nasir*, 982 F.3d at 156-60.

Petitioner asserts the following grounds for relief: (1) the sentencing court lacked jurisdiction to consider whether he was a career offender because the "instant offense" was not a "controlled substance offense" or a crime of violence, and he is therefore "actually innocent" of the career offender sentence (*id*. at 15-16); (2) he has "no valid prior predicates" for a career offender sentence, as he does not have two prior convictions qualifying as crimes of violence or "controlled substance offenses" (*id*. at 17); and (3) the commission of an attempt crime does not constitute a "controlled substance offense" that supports a career offender sentencing enhancement (*id.* at 19).

## DISCUSSION

**A.     Petitioner may not bring his claims under 28 U.S.C. § 2241**

The Court need not delve into the merits of Petitioner's argument regarding his career offender designation because he cannot use Section 2241 to collaterally attack his sentence under the circumstances he describes.

The proper jurisdictional basis for the relief Petitioner seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Under Section 2241, a federal prisoner may challenge the "*execution* of [his] sentence," *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (emphasis in original), such as decisions to deny parole, or conditions of confinement, *see, e.g.*, *Jiminian*, 245 F.3d 144, 146; *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991). Petitioner's claims – that he was not convicted of a "controlled substance offense" and cannot be considered a career offender as provided under U.S.S.G. § 4B1.1(a)(2), and that the underlying predicates were not valid – fall within the

4

normal scope of a Section 2255 motion, but outside of the normal scope of a Section 2241 petition.

Petitioner argues that Section 2241 is nevertheless proper under the "savings clause" of Section 2255(e). In limited circumstances, a petitioner may bring a Section 2241 petition under the savings clause if a Section 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003). Section 2255 is "inadequate or ineffective" where it cannot be utilized and "the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997). Accordingly, the savings clause authorizes a petition under Section 2241 "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (emphasis in original) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (internal quotations omitted)).

Petitioner fails to meet these two requirements to challenge his conviction under Section 2241. First, he cannot show that Section 2255 is unavailable. Petitioner argues that Section 2255 is unavailable because the Third Circuit, under the Antiterrorism and Effective Death Penalty Act's (AEDPA) gate-keeping requirements, has denied him permission to file a second or successive Section 2255 motion to raise his claim under *Nasir*.[2] (*See* ECF 1, at 15.)

---

[2] As relevant here, the AEDPA's gate-keeping functions permits a prisoner to file a second or successive Section 2255 motion only if the appropriate court of appeals certifies the motion to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional

5

The Second Circuit, however, has held that Section 2255 relief is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original).

Petitioner is correct that he could not have raised his *Nasir* claim on direct appeal or in his first Section 2255 motion because *Nasir* had not been decided at the time of those filings. Petitioner has, however, previously challenged, in his direct appeal to the Third Circuit, his subsequent Section 2255 motions, and his two prior Section 2241 petitions, his designation as a career offender, as well as the sentencing court's calculation of his sentence under the guidelines. *See, e.g., Clark*, 419 F. App'x at 251 (Third Circuit found that district court correctly calculated Petitioner's sentence under the guidelines range); *Clark*, 2021 WL 4564805, at *4 ("Because the advisory guidelines do not establish a mandatory minimum for any crime, Petitioner cannot demonstrate that an error in calculating those guidelines based upon a career offender designation affected his eligibility for the sentence imposed by the sentencing court."). Petitioner specifically raised the *Nasir* issue in his second application to the Third Circuit for leave to file a second or successive Section 2255 motion, and the third Circuit denied him leave, holding that "[P]etitioner cannot show that *United States v. Nasir*, 982 F.3d 144, 160 (3d Cir. 2020) (en banc), announced 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.'" *In re James Edward Clark*, No. 21-2198, ECF 5. The Third Circuit has

---

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

determined that Petitioner cannot meet the AEDPA's gate-keeping requirements for second or successive Section 2255 motions. Under *Adams*, however, denial of a Section 2255 motion on this basis does not render the Section 2255 remedy unavailable within the meaning of the provision authorizing a Section 2241 petition. *See Adams*, 372 F. 3d at 135.

Second, even if Petitioner could argue that Section 2255 relief is unavailable to him, he does not allege that he is actually innocent, as that term is defined for the purposes of the savings clause. The "actual innocence" doctrine recognized in certain *habeas corpus* contexts is "narrow" and typically "concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992) (citation omitted). In the context of noncapital cases, such as here, actual innocence "normally means simply that the defendant did not commit the crime." *Poindexter*, 333 F.3d at 381 (citations omitted). Further, a petitioner challenging the basis of his career offender status cannot simply claim that he is innocent of being a career offender, but must show that he is innocent of the underlying crime predicate offense. *See id.* at 380–82 (declining to apply actual innocence exception to claim of pure legal error in calculating number of predicate convictions as distinct from factual or legal innocence of predicate offenses); *see also Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013) (in Sentencing Guidelines case, explaining that defendant's "essentially legal argument that he is innocent of the [career offender] sentencing enhancement because the district court misclassified his predicate offenses . . . is insufficient to trigger the actual innocence exception"); *Norwood v. Williams*, No. 3:20-CV-0919 (MPS), 2021 WL 538099, at *5 (D. Conn. Feb. 15, 2021) (holding petitioner did not show actual innocence for purposes of Section 2255's savings clause when he argued that district court misclassified predicate offense).

Here, although Petitioner repeatedly invokes "actual innocence," he does not argue that he is actually innocent of crimes of which he was convicted or of the predicate offenses that were used to support the career offender sentence enhancement. Instead, he contends that he was convicted of an attempt crime that, under the Third Circuit's decision in *Nasir*, is no longer a controlled substance offense under the career offender guideline, and that the underlying predicate offenses should not have counted toward his career offender status. This type of challenge cannot proceed under Section 2241. *See United States v. Brown*, No. 3:13-CV-106 (EBB), 2014 WL 3738062, at *4 (D. Conn. July 30, 2014) ("actual innocence means the petitioner did not commit the crime of which he was convicted in the underlying federal case, not merely that he is actually innocent of being a career offender"). As Petitioner does not allege that he is actually innocent of either the underlying crime or the predicate offenses, he fails to demonstrate that he is actually innocent of the conviction of which he seeks resentencing.

Because Petitioner fails to show that Section 2255 is unavailable and that he is actually innocent of the crime of which he has been convicted, he may not challenge his conviction under Section 2241.

**B.      Transfer to the Third Circuit**

The proper jurisdictional basis for the relief Petitioner seeks is Section 2255. A Section 2255 motion is second or successive when a previous Section 2255 motion was adjudicated on the merits. *Carrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize another submission as a second or successive Section 2255 motion without providing the litigant an opportunity to withdraw the submission. *Jiminian*, 245 F.3d at 148. Because Petitioner has already filed a Section 2255 motion that was decided on the merits, the Court recharacterizes the present Section 2241 petition as a second or successive Section 2255 motion.

Before a litigant may file a second or successive Section 2255 motion in a federal district court, authorization from the appropriate Court of Appeals is required. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner has not indicated that he received authorization from a Court of Appeals to file this Section 2255 motion. Because second or successive Section 2255 motions should be transferred to the appropriate Court of Appeals, *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), in the interest of justice, the Court transfers this motion to the Third Circuit, *see* 28 U.S.C. § 1631. Petitioner must request permission to pursue this motion from the Third Circuit.

## CONCLUSION

In the interest of justice, the Court transfers this submission, which the Court construes as a second or successive Section 2255 motion, to the United States Court of Appeals for the Third Circuit. 28 U.S.C. § 1631. The Clerk of Court is directed to terminate all pending motions. This order closes this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 11, 2022
         New York, New York

                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge